
FILED
MARCH 11, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KENNETH L. HUNT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-0017 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant.[1] | § | |

**REPORT AND RECOMMENDATION
TO REVERSE THE COMMISSIONER'S DECISION AND REMAND**

Plaintiff KENNETH L. HUNT brings this cause of action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of defendant MICHAEL J. ASTRUE, Commissioner of Social Security (Commissioner), denying plaintiff's applications for disability benefits and supplemental security income (SSI) benefits. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding plaintiff not disabled and not entitled to benefits be REVERSED and the case REMANDED for further administrative proceedings.

I.
PROCEEDINGS

Plaintiff filed applications for SSI benefits under Title XVI of the Social Security Act (Act)

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is substituted as the defendant in this suit.

on May 24, 2000 and July 17, 2000, and an application for disability insurance benefits under Title II of the Act on August 8, 2000, alleging he was disabled and that such disability began on October 2, 1999. (Tr. 3; 60-62). As conditions limiting his ability to work, plaintiff listed the previous insertion of a heart stent, high blood pressure, shortness of breath, fatigue and chest pains. (Tr. 79). Plaintiff averred he stopped working because of was "too tired," had a "hard time breathing," and had chest pains. (Tr. 79).

Plaintiff advised he completed the 11th grade and subsequently received his GED, and identified past work as a truck driver and machine operator. (Tr. 80). At the time he filed his applications, plaintiff was 47-years-old.

The Social Security Administration denied benefits initially and upon reconsideration. On January 7, 2002, an administrative law judge (ALJ) conducted a hearing on plaintiff's application. (Tr. 24-42). On March 20, 2002, the ALJ rendered an unfavorable decision, finding plaintiff not disabled and not entitled to benefits at any time relevant to the decision. (Tr. 11-18).

The ALJ determined plaintiff had not engaged in substantial gainful activity since his alleged onset date, and that the medical evidence indicated plaintiff had impairments of coronary artery disease and cervical spondylosis. (Tr. 13). The ALJ found these impairments to be severe, but found they were not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, of Regulations No. 4, specifically noting sections 1.04 and 4.0 of the Listings.

The ALJ noted plaintiff's medical history included the insertion of a stent of the right coronary artery, shortness of breath, and chronic back pain. The ALJ detailed plaintiff's hearing testimony, noted inconsistencies between his testimony and the medical record, and determined plaintiff's statements regarding his functional limitations and inaccessibility to medications were

not credible. (Tr. 13-14). The ALJ also noted medical reports indicating plaintiff's normal and/or adequate cardiac function, and cited a consultative physician's opinion that there was no clear evidence plaintiff was suffering from angina. (Tr. 14). The ALJ further found plaintiff was not taking medication and thus was non-compliant with prescribed treatment.

As to plaintiff's alleged symptom of shortness of breath, the ALJ found this symptom was more characteristic to body deconditioning and a 28-year history of heavy smoking rather than a symptom of one of plaintiff's impairments. As to plaintiff's alleged symptom of spinal pain, the ALJ found the medical records only supported mild arthritic changes with no evidence of significant radicular symptoms or any other condition that could be attributed to neck pain.

The ALJ then stated:

> Treating records provided by Dr. Marc Moreau denote the claimant's ability to lift/carry 10 pounds; sit 2-3 hours and walk/stand 1 hour and occasional reaching, pushing/pulling, bending, kneeling, stooping, climbing and balancing which is consistent with my opinion that a limited range of sedentary work is possible. Although this assessment is contrary to the DDS residual functional capacity for medium work, I accord more value to opinions provided by examining sources than a non-examining source.

Based on the examining physician's records, the ALJ found plaintiff retained the residual functional capacity (RFC) for a "*limited range of sedentary work*." The ALJ, noting plaintiff's description of his past relevant work duties was consistent with medium to heavy work activity and that plaintiff's RFC was for a *limited range of sedentary work*, concluded plaintiff was precluded from returning to any aspect of his former work.

The ALJ then noted plaintiff was 49-years-old at the time of the hearing, defined as a younger individual by the Guidelines, with a high school equivalent education and no transferable skills. (Tr. 15). The ALJ noted the Guidelines are <u>used as a framework</u> "when the claimant cannot perform all of the exertional demands of work at a given level of exertion and/or has any

nonexertional limitations." He then noted the Guidelines may be used to direct a finding of non-disability "only if the claimant has the exertional residual functional capacity to perform substantially all (as defined in Social Security Ruling 83-11) of the seven primary strength demands required by work at the given level of exertion (as defined in Social Security Ruling 83-10) and there are no nonexertional limitations."

The ALJ noted sedentary work requires lifting no more than 10 pounds at a time, occasionally lifting small articles, and involves sitting but may occasionally require a certain amount of walking or standing. The ALJ then found that, "because the claimant has the exertional capacity to perform substantially all of the requirements of sedentary work, and considering the claimant's age, education, and work experience," that a "finding of 'not disabled' is supported by application of Medical-Vocational Rule 201.21." The ALJ explained he considered the "undocumented subjective complaints of shortness of breath and pain" and determined the additional limitations had very little effect on the exertional occupational base. The ALJ thus concluded there were jobs, existing in significant numbers which plaintiff is able to perform and that plaintiff retains the capacity to adjust to work that exists in significant numbers.

In his enumerated findings, the ALJ, in Finding No. 7, found plaintiff "has the following residual functional capacity: *limited range of sedentary work*." Tr. 16 (emphasis added). In Finding No. 12, the ALJ found plaintiff "has the residual functional capacity to perform *substantially all of the full range of sedentary work*." *Id*. (emphasis added). The ALJ further found that based on an exertional capacity for sedentary work, plaintiff's age, education and work experience, Medical-Vocational Rule 201.21 would direct a conclusion of not disabled. The ALJ explained, however, that Rule 201.21 was, instead, used as a framework for his decision making. (Tr. 17). The ALJ, finding plaintiff's "capacity for sedentary work is substantially intact and has

not been compromised by any nonexertional limitations," found plaintiff not disabled. The ALJ thus determined plaintiff was not under a disability at any time through the date of his decision.

Upon the Appeals Council's denial of plaintiff's request for review on November 12, 2004, the ALJ's determination that plaintiff was not under a disability became the final decision of the Commissioner. (Tr. 4-6). Plaintiff now seeks judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

## II.
## STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)). If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164. Stated differently, the level of review is not *de novo*. The fact that the

ALJ could have found plaintiff to be disabled is not the issue. The ALJ did not do this, and the case comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ decision.

III.
ISSUES

The ALJ made the determination that plaintiff was not disabled at Step Five of the five-step sequential analysis. Therefore, this Court is limited to reviewing only whether there was substantial evidence in the record as a whole supporting a finding that plaintiff retained the ability to perform other work that exists in significant numbers in the national economy, and whether the proper legal standards were applied in reaching this decision. To this extent, plaintiff presents the following issue:

> "Whether the finding with respect to the plaintiff's residual functional capacity is supported by substantial evidence when the administrative decision is inconsistent in concluding that he can do only a limited range of sedentary work based on the treating doctor's assessment, which would require vocational testimony to identify alternative jobs, and in finding that he can do the full range of sedentary work, which allows administrative notice to be taken of alternative jobs."

IV.
MERITS

Plaintiff argues the ALJ erred in finding Medical-Vocational Rule 201.21 *directed* a finding that plaintiff was not disabled. Plaintiff argues the ALJ's finding that plaintiff can only perform a "limited range of sedentary work," rather than the "full range of sedentary work," precluded a directed conclusion of "not disabled" pursuant to the Grid.[2]

---

[2] The ability to perform the full range of sedentary work requires the ability to lift no more than 10 pounds at a time, occasionally lift or carry small articles, an ability to sit, generally, for 6 hours of an 8-hour workday, and walk or stand no more than about 2 hours of an 8-hour workday. An individual who must alternate periods of sitting and standing is not functionally capable of doing the prolonged sitting contemplated by sedentary work.

SSR 96-9p, explains the Administration's policies regarding the impact of an RFC for "less than a full range of sedentary work," and instructs that in order for a Grid rule to *direct* a conclusion of "not disabled," the individual must be able to perform the *full range* of work administratively noticed by a rule. Here, the ALJ found plaintiff had the RFC to perform only a *limited* range of sedentary work. Notwithstanding the fact that the ALJ had just found that plaintiff could only perform a "limited range of sedentary work," the ALJ then used the Grid, but used it *as a framework* for considering the extent of any erosion of the sedentary occupational base. The ALJ then found plaintiff had the capacity to perform *substantially all of the requirements of sedentary work*, instead of a "limited range," and determined plaintiff was not disabled.

Plaintiff maintains the ALJ's subsequent finding that plaintiff could perform "substantially all of the full range of sedentary work" is inconsistent with his initial RFC finding that plaintiff can only perform a "limited range of sedentary work" and thus did not justify the direct application of the Grids. Plaintiff argues this error renders the ALJ decision unsupportable. Defendant counters, stating the ALJ did not directly apply the Grid rule but, instead, utilized the rule only as a framework for decision making.

The defendant cannot indirectly do what is not permitted to be done directly. If the Grid rules are not applicable, they do not become applicable by merely characterizing their use as a "framework." Further, SSR 96-9p instructs that while a *limited* range of sedentary work does not, in itself, establish disability in all individuals, it reflects very serious limitations. It further instructs that an RFC for less than a full range of sedentary work is especially critical for individuals under 50 years of age, and holds that an ALJ is to make an individualized determination, considering age, education and work experience, including transferability of work skills, as to the extent of the erosion of the occupational base due to a plaintiff's limitations. SSR 96-9p advises that the ability

to perform the *full range* of work necessary for direct application of the Grid rules means the "individual must be able to perform substantially all of the strength demands defining the sedentary level of exertion, as well as the physical and mental nonexertional demands that are also required for the performance of substantially all of the unskilled work considered at the sedentary work level."  Here, it appears the ALJ, after first determining plaintiff's RFC to be for a "limited range of sedentary work" based on plaintiff's treating physician's assessment, then analyzed, or attempted to analyze, the extent of the erosion of the occupational base as a result of plaintiff's limitations and/or restrictions.  The ALJ then made an ultimate finding of not disabled which does not have evidentiary support in the administrative record.

The ALJ did not use a vocational expert to provide testimony regarding the extent of the erosion of the occupational base nor did the ALJ utilize the Dictionary of Occupational Titles or any other source in determining plaintiff's "limited range of sedentary work" would not cause an erosion of the occupational base.  Nor did the ALJ cite examples of work the plaintiff could do as suggested by SSR 96-9.  Consequently, the ALJ, in essence, became the evidentiary source for his determination that plaintiff's RFC for a "limited range of sedentary work" did not significantly erode the occupational base.  The ALJ failed to explain in any manner how he made the leap from "a limited range of sedentary work" to "substantially all of the full range of sedentary work."  The administrative opinion cannot stand in light of these contradictory findings.  An ability to perform a "limited range of sedentary work" does not equal an ability to perform "substantially all of the full range of sedentary work."

Even if the contradictory findings referenced above did not warrant reversal and remand, such would still be required because the medical evidence does not support a finding that plaintiff had the RFC to engage in a full day's work.  Dr. Moreau's findings (Tr. 209-10) clearly limit

plaintiff's ability to work to a total of six hours of an eight-hour day. Defendant, in his brief, argues this was merely an oversight by Dr. Moreau and it is clear he did not intend to limit plaintiff to less than a full day's work. Defendant, however, ignores findings "B" and "C" under "II" of Dr. Moreau's assessment. There, Dr. Moreau determined at "B" that plaintiff was unable to work at his last occupation and, under "C," made what appears to be a finding that plaintiff is unable to work at any occupation (although that finding is not absolutely clear because of a stamp). Defendant also argues the ALJ was not obligated to recontact Dr. Moreau to clarify this point and contends plaintiff has not shown prejudice. Defendant misplaces the prejudice argument. Dr. Moreau's report indicates plaintiff is incapable of working eight hours. Therefore, the treating physician's report, adopted by the ALJ, is contrary to a not disabled finding. Had the ALJ recontacted Dr. Moreau and had Dr. Moreau indicated his report was in error and that plaintiff was capable of working eight hours instead of six, then there would arguably be substantial evidence to support the ALJ determination, provided the ALJ also cited support for his determination that plaintiff was capable of performing the full range of sedentary work rather than a limited range. That, however, is not the record before the Court. Further, *Scott v. Shalala*, 30 F.3d 33, 34-35 (5th Cir. 1994), supports plaintiff's position that in a case where a claimant is unable to perform the "full range" of sedentary work, vocational testimony is required to establish what other work the plaintiff can do.

To affirm the administrative decision, this Court would have to find Dr. Moreau's assessment that plaintiff was able to work a maximum of six hours of an eight-hour day, as argued by defendant, was merely an oversight. The Court would then have to further assume the ALJ's determination that plaintiff's RFC for a "limited range of sedentary work" was also a misstatement and that the ALJ actually meant plaintiff was capable of performing a full range of sedentary work or substantially a full range of sedentary work. The administrative record does not support nor

permit this Court to make such assumptions adverse to plaintiff. While it may very well be that plaintiff's condition is, in fact, not disabling, there must be additional evidence to support such a finding and/or the opinion of Dr. Moreau, plaintiff's treating physician, must be clarified.

## V.
## RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the decision of the defendant Commissioner finding plaintiff not disabled and not entitled to a period of disability benefits be REVERSED and the case REMANDED for further administrative proceedings consistent with this Report and Recommendation.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>11th</u> day of March 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).